**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SOUTHWEST EMULSIONS, INC., ET AL.,

      Plaintiffs,

v.                                                                                            No. CV 01-251 BB/DJS

BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court for consideration of Plaintiffs' motion to remand (Doc. 13) and Defendant's motion for summary judgment on Plaintiffs' state-law claims (Doc 8). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion to remand will be granted in part and denied in part. Furthermore, since the state-law claims raised in this case will be remanded, Defendant's motion for summary judgment is rendered moot and will be denied.

**Facts**

On April 26, 2000, Plaintiffs filed a complaint in state court, raising claims based on New Mexico's County Improvement District statute, NMSA 4-55A-1 *et seq.* Plaintiffs' claims involved challenges to the procedures used to assess their properties for improvements, as well as the amounts assessed. The case was litigated extensively, with Defendant filing an unsuccessful motion to dismiss on limitations grounds and Plaintiffs filing a motion to amend the complaint. Plaintiffs' motion was granted, and Plaintiffs filed an amended complaint raising additional claims, including a claim under New Mexico's Bateman Act, NMSA 6-6-11, and several claims under the United States Constitution.

Defendant then removed the case to this Court on March 2, 2001, due to the presence of the federal claims. Defendant also renewed its effort to obtain dismissal of the state-law claims, again raising the defense of expiration of the limitations periods for bringing actions under the County Improvement District statute, and adding the same defense as to the Bateman Act. Plaintiffs have moved to remand the entire case to state court, and Defendant opposes this effort.

**Discussion**

Plaintiffs contend this Court has discretion to remand the entire case, including the federal constitutional claims, to state court, because the state-law claims predominate in the case and the case raises complex questions of state law. As Plaintiffs recognize, however, this Court has already decided in a prior case that federal district courts have no discretion to remand federal claims to state court, even if the case as a whole concerns primarily state-law issues. *See Lujan v. Earthgrains Baking Co.*, 42 F.Supp.2d 1219 (D.N.M. 1999) (recognizing conflict in authorities, noting that circuit-level authority holds there is no discretion to remand federal claims, and adopting that circuit-level authority). The Court has again researched the issue, and again finds there is no circuit authority allowing the entire case, including the federal claims, to be remanded. Therefore, the request to remand the federal claims will be denied.

The central issue in this case, therefore, is whether Plaintiffs' state-law claims should be remanded to state court. The parties acknowledge this Court has discretion to retain or remand those claims, under the applicable supplemental-jurisdiction statute. *See, e.g., Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446 (2d Cir. 1998) (discussing 28 U.S.C. § 1367(c), which allows district court to decline to exercise supplemental jurisdiction under certain circumstances). Where the state-law claims raise novel or complex issues of state law, or the state-

law issues predominate over the federal claims, or other exceptional circumstances exist, this Court may decline to consider the state-law claims and may remand them. *Id.*

It is apparent to the Court that the state-law claims should be remanded. This case is primarily and essentially a challenge to assessments imposed by Defendant, a local governmental body. *See* 28 U.S.C. § 1441, Commentary (state law predominates if federal claims, while plausible, are not really the plaintiff's main mission, and state claims are the crux of the action). The issues raised in the case concerning the County Improvement District are novel issues of state law, including the proper procedures to follow in creating an Improvement District and in assessing property owners for improvements. There are no New Mexico cases interpreting this statute. In addition, the state district court, by denying Defendant's motion to dismiss, has already made a decision raising significant issues concerning the limitations period under the Improvement District statute. The question of the propriety of that court's action should be resolved in the state-court system, rather than by giving Defendant a second bite at the apple in this Court. Finally, Plaintiffs' Bateman Act claim also raises novel issues of state law, as to the limitations period applicable to such claims and as to whether the Bateman Act can provide a defense to assessments such as the ones imposed by Defendant. In sum, this case involves novel and complex issues of state law, and those questions predominate over the federal due-process claims raised by Plaintiffs. Remand of the state-law claims is therefore appropriate. *See* § 1367(c).

One question remaining is whether the federal action, concerning the claims retained in this Court, should be stayed pending resolution of the state-law claims in state court. Plaintiffs have suggested such a stay. Defendant does not respond to that suggestion, except to argue that a stay would not preclude the possibility of inconsistent results in state and federal court. In the abstention context, factors considered important when deciding whether to stay a federal-court case include the

inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which the federal and state court assumed jurisdiction. *See Fox v. Maulding*, 16 F.3d 1079, 1081-82 (10th Cir. 1994) (discussing *Colorado River* abstention).

This case is not an abstention case, because the Court is not remaining inactive while allowing the state court to decide federal issues over which the Court could be exercising jurisdiction. However, the considerations cited in *Fox* are instructive. No issue of an inconvenient federal forum is present in this case. If the action is stayed in this Court, however, the parties will avoid piecemeal litigation. Instead of litigating similar factual issues in two different courts, the parties will be able to obtain determination of many of the issues in state court. Those factual determinations will assist this Court in deciding the constitutional questions raised by Plaintiffs. As to the order in which the courts assumed jurisdiction, that factor clearly militates in favor of a stay. Plaintiffs originally filed this action in state court, where it remained pending for over ten months before Defendant removed the amended complaint to this Court. Also, as discussed above, the state district court made significant legal and factual rulings prior to the removal of the case. It is appropriate, therefore, in order to conserve judicial resources and the resources of the parties, to stay this action in federal court until the state-court lawsuit is resolved. Should a change of circumstances militate in favor of terminating the stay prior to that time, the parties may request that the stay be lifted for good cause shown.

**Conclusion**

Based on the foregoing, the Court will remand the state-law claims raised in the amended complaint, and retain the federal constitutional claims. In addition, this case will be stayed pending resolution of the state-court litigation. Finally, Defendant's motion for summary judgment on the

state-law claims will be denied as moot, without prejudice to Defendant's ability to raise the same arguments in state court.

## ORDER

A Memorandum Opinion having been entered this date, it is hereby ORDERED as follows: Plaintiffs' motion to remand this case to state court (Doc. 13) is GRANTED in part and DENIED in part; Defendant's motion for summary judgment on the state-law claims (Doc. 8) is DENIED; and this case is stayed pending further order of this Court.

Dated this 10th day of August, 2001.

_____
BRUCE D. BLACK
United States District Judge

**ATTORNEYS**

**For Plaintiffs:**
Mark A. Glenn
Terry D. Farmer
Moses, Dunn, Farmer & Tuthill, P.C.
P.O. Box 27047
Albuquerque, New Mexico 87125

**For Defendant:**
H. Nicole Schamban
Narvaez Law Firm, P.A.
P.O. Box 25967
Albuquerque, New Mexico 87125